**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION**

MIDDLESEX, ss

No. 2012-[redacted]

Juan Boteo, Individually and as Guardian for B[redacted] B[redacted], Aura Gonzalez, Individually and as Guardian for B[redacted] B[redacted], Plaintiff(s)

v.

Joseph M. Smith Community Health Center, et al, Defendant(s)

## SUMMONS

To the above-named Defendant: Joseph M. Smith Community Health Center

You are hereby summoned and required to serve upon Joseph P. Crimmins, Posternak Blankstein & Lund LLP plaintiff's attorney, whose address is 800 Boylston Street Boston, MA 02199, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ..........

the 15th day of November, in the year of our Lord 2012.

[signature]
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**NOTES.**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION No. 2012-[redacted]

MIDDLESEX, ss

Juan Boteo, Individually and as Guardian for B[redacted] B[redacted], Aura Gonzalez, Individually and as Guardian for B[redacted] B[redacted], Plaintiff(s)

v.

Joseph M. Smith Community Health Center, et al, Defendant(s)

## SUMMONS

To the above-named Defendant: Julie E. Caruth, M.D.

You are hereby summoned and required to serve upon Joseph P. Crimmins, Posternak Blankstein & Lund LLP plaintiff's attorney, whose address is 800 Boylston Street, Boston, MA 02199, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ..................

the 15th day of November, in the year of our Lord 2012.

[signature]
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

CIVIL DOCKET # **MICV2012-**

**Courtroom Civil F - Ct Rm 510- 200 TradeCenter, Woburn**

RE: **Boteo, Individually And As Guardian For B B et al v Joseph M. Smith Community Health Center et al**

TO: Joseph P Crimmins, Esquire
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004

**SCHEDULING ORDER FOR A TRACK**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **10/23/2015**

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | **SERVED BY** | **FILED BY** | **HEARD BY** |
| Service of process made and return filed with the Court | 02/05/2013 | 02/05/2013 | |
| Response to the complaint filed (also see MRCP 12) | | 03/07/2013 | |
| All motions under MRCP 12, 19, and 20 | 03/07/2013 | 04/06/2013 | 05/06/2013 |
| All motions under MRCP 15 | 01/01/2014 | 01/31/2014 | 01/31/2014 |
| All discovery requests and depositions served and non-expert depositions completed | 10/28/2014 | | |
| All motions under MRCP 56 | 11/27/2014 | 12/27/2014 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/26/2015 |
| Case shall be resolved and judgment shall issue by **10/23/2015** | | | **10/23/2015** |

- **The final pre-trial deadline is not the scheduled date of the conference.**
- **You will be notified of that date at a later time.**
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 11/08/2012

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2769

12-



**COMMONWEALTH OF MASSACHUSETTS**
**THE SUPERIOR COURT**

**MIDDLESEX, ss.** **Applicable to All Civil "F" Session Cases**

# ORDER OF COURT

All attorneys who have filed an appearance in the Civil "F" Session in Middlesex County (Courtroom 510) shall be required to:

1. furnish, in writing, a current email address directed to the attention of:

   **Assistant Clerk Martha Fulham Brennan**
   **Middlesex Superior Court – Civil "F" Session**
   **Courtroom 510**
   **200 TradeCenter**
   **Woburn, Massachusetts 01801**

2. complete the digital form found at the URL address provided at http://tinyurl.com/CourtOrder510.

Counsel shall also notify forthwith the Clerk's Office, in writing, of any change in their his/her email address.

Finally, if any service and/or Answer are pending, the plaintiff's counsel shall serve a copy of this Order on all other parties and/or their counsel by certified mail - return receipt requested ***and*** by regular mail.

**BY THE COURT,**

**DENNIS J. CURRAN**
**Associate Justice**

July 25, 2012

*N.B. For information about the scheduling of cases and the management of this civil session during the period to which this judge is assigned, please see www.judgedennisjcurran.com.*

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS: SUPERIOR COURT
NO.

JUAN BOTEO, INDIVIDUALLY AND AS GUARDIAN FOR B[redacted] B[redacted], AURA GONZALEZ, INDIVIDUALLY AND AS GUARDIAN FOR B[redacted] B[redacted]

v.

JOSEPH M. SMITH COMMUNITY HEALTH CENTER, MOUNT AUBURN HOSPITAL, JULIE E. CARUTH, M.D., NANDITA NADIG, M.D., DEBORAH WONG, M.D. and JOHN/JANE DOE, M.D./D.O.

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. The defendants failed to diagnose that B[redacted] B[redacted] was suffering from an infection of tuberculosis meningitis. As a result of this misdiagnosis, B[redacted] B[redacted] suffered multiple brain infarcts and strokes, seizure disorder and a loss of sight. B[redacted] is severely brain injured and wheel chair bound. It is virtually certain that B[redacted] B[redacted] will remain in this condition for the rest of her life. Her parents will need to provide her with constant 24-hour care, seven days a week for the rest of her life. Had the defendants properly diagnosed and treated B[redacted] B[redacted], her chances of recovering from the infection and resuming a normal life were high. Instead, B[redacted] B[redacted] will live the rest of her life in a permanent vegetative state.

## PARTIES

2. The plaintiff, Juan Boteo ("Boteo") individually and as guardian for B[redacted] B[redacted], is an individual with a residence in Waltham, Middlesex County, Massachusetts.

3. The plaintiff, Aura Gonzalez ("Gonzalez"), individually and as guardian for B[redacted] B[redacted], is an individual with a residence in Waltham, Middlesex County, Massachusetts.

4. The defendant, Joseph M. Smith Community Health Center ("Smith), is a hospital located at 564 Main Street, Waltham, Massachusetts.

5. The defendant Mount Auburn Hospital ("Mount Auburn") is a hospital located at 330 Mount Auburn Street, Cambridge, Massachusetts.

6. The defendant, Julie E. Caruth, M.D. ("Dr. Caruth") is a physician associated with the Joseph M. Smith Community Health Center.

7. The defendant, Nandita Nadig, M.D. ("Dr. Nadig") is a physician associated with Mount Auburn Hospital.

8. The defendant, Deborah Wong, M.D. ("Dr. Wong") is a physician associated with Mount Auburn Hospital.

9. The defendants John/Jane Does, M.D./D.O. were at all times relevant to this Complaint physicians licensed to practice medicine in the Commonwealth of Massachusetts.

10. Venue is proper in Middlesex County as the plaintiffs reside in Middlesex County and the events alleged herein occurred in Middlesex County.

## FACTUAL BACKGROUND

11. B[redacted] B[redacted] was born on [redacted], 2008. Her first visit as a patient at Joseph M. Smith Community Health Center occurred on New Year's Eve, 2008. She was evaluated by Dr. Caruth. Thereafter, B[redacted] was seen primarily by Dr. Caruth for routine visits

and to address medical issues that arose. In addition to Dr. Caruth, B was seen by nurse practitioners, Cynthia Sershen, Casey Fryer, Anne Moore, Elizabeth Morgan and Drs. Kamau Karanja, Dr. Jean Jackson, Dr. Janet Lin-Hsu and other nurses and doctors.

12. Beginning in early 2010, the frequency of visits increased. B was seen at the Joseph M. Smith Community Health Center complaining of nausea, vomiting, abdominal pain and poor appetite. The severity of her symptoms and frequency of these visits increased further beginning in late March 2010 and continued through mid-May 2010. B presented with extensive vomiting, poor appetite, high fever and loss of weight. On none of these occasions was B checked for tuberculosis. Instead, she was repeatedly discharged and directed to drink fluids and take Tylenol or Motrin.

13. Not even when B registered a temperature on May 11 of 103.5° with "no obvious source of infection" were further diagnostic steps taken. B had been a relatively healthy patient until the March-April time period when she started to have upper respiratory symptoms and frequent fevers, weight loss and vomiting.

14. On May 11, 2010, B was seen at the Joseph M. Smith Community Health Center. Her parents informed the physician that B had no appetite, high fever and vomiting. They informed her that she had been sick this way for over a week and was vomiting three times a day. She would only tolerate Pedialyte. Still no diagnostic measures were undertaken. On May 18, 2010, B was again brought to the Joseph M. Smith Community Health Center and evaluated by Dr. Julie Caruth. Again, B had an ongoing fever, was coughing, and had already vomited with mucus three times earlier that day. B's father reported that she had diarrhea four times the night before. Dr. Caruth diagnosed her with malaise

and fatigue and/or gastroenteritis/colitis likely related to a viral illness. There was a noticeable weight loss since her last visit.

15. On May 21, B[redacted]'s parents took her to the Emergency Room at Mount Auburn at 2:30 a.m. B[redacted] had a high fever and her father reported the history of her fevers and vomiting for the prior two months. This time her temperature was 100 °. B[redacted] reported to Mount Auburn Hospital that although B[redacted] had been seen by a pediatrician two days ago, they felt that their concerns were not being heard by Dr. Julie Caruth.

16. Mount Auburn Hospital attempted to reach pediatric coverage for Joseph M. Smith Community Health Center who was paged but the page was not returned. It was noted that the page was done because B[redacted] was going to require a close follow up including possible GI workup and repeat labs. Incredibly, B[redacted]'s parents were directed to follow up again with her primary care physician at the Joseph M. Smith Community Center and they were sent home with no diagnostic testing. B[redacted] was treated by Dr. Nandita Nadig and Dr. Deborah Wong.

17. Later that evening, B[redacted] suffered a number of seizures and her parents took her to Newton-Wellesley Hospital, arriving at the Emergency Room at approximately 8:30 p.m. Upon admittance, B[redacted]'s parents reported that after being sent home from Mount Auburn Hospital with no medication, B[redacted] had a fever that was hot to the touch and B[redacted]'s mother administered Motrin 15 minutes before the seizure started. The seizures lasted approximately 20 minutes.

18. At Newton-Wellesley Hospital, B[redacted] was found to be postictal, PERRL obtunded with gag reflex intact. A CT showed enlarged ventricles and microcephaly with no acute bleeding or edema. B[redacted] was medflighted from Newton-Wellesley Hospital to

Massachusetts General Hospital on May 22. A head MRI showed multiple bilateral strokes and diffuse stenosis of her cranial vessels. The chest x-ray showed white out of her left lung and right lung opacities. At that time a diagnosis of tuberculosis was confirmed and appropriate antibiotic and other medical therapies were started.

19. The damages that B[redacted] B[redacted] and her parents suffered are astronomical. Through no fault of her own or her parents, B[redacted] B[redacted] will forever be confined to a wheelchair, she will never develop mentally or physically and she has very little if any, cognitive abilities. This is will be her condition for the rest of her life.

**COUNT I**
**(Negligence Against Joseph M. Smith Community Health Center)**

20. Plaintiff repeats and incorporates by reference the allegations contained in each and every other paragraph of this Complaint.

21. The defendant, Joseph M. Smith Community Health Center, was paid for the services provided to the plaintiffs.

22. As a hospital, Joseph M. Smith Community Health Center owed the plaintiffs a duty of care to perform the necessary work with reasonable skill and care.

23. The plaintiffs reasonably relied, at all relevant times, on their belief that Joseph M. Smith Community Health Center would use appropriate skill and care on their behalf.

24. The services provided by Joseph M. Smith Community Center were performed incorrectly and in a manner below the applicable standard of care required of Joseph M. Smith Community Health Center.

25. As a proximate result of the breach of care by Joseph M. Smith Community Health Center, its duty of care to the plaintiffs and the negligent performance of Joseph M. Smith Community Health Center's work, the plaintiffs were harmed by incurring pain and suffering.

26. The plaintiffs are entitled to be compensated for the damages caused by the Joseph M. Smith Community Center's negligence and breach of its duty of care.

**COUNT II**
**(Negligence Against Mount Auburn Hospital)**

27. Plaintiff repeats and incorporates by reference the allegations contained in each and every other paragraph of this Complaint.

28. The defendant, Mount Auburn Hospital, was paid for the services provided to the plaintiffs.

29. As a hospital, Mount Auburn Hospital owed the plaintiffs a duty of care to perform the necessary work with reasonable skill and care.

30. The plaintiffs reasonably relied, at all relevant times, on their belief that Mount Auburn Hospital would use appropriate skill and care on their behalf.

31. The services provided by Mount Auburn Hospital were performed incorrectly and in a manner below the applicable standard of care required of Mount Auburn Hospital.

32. As a proximate result of the breach of care by Mount Auburn Hospital its duty of care to the plaintiffs and the negligent performance of Mount Auburn Hospital's work, the plaintiffs were harmed by incurring pain and suffering.

33. The plaintiffs are entitled to be compensated for the damages caused by the Mount Auburn Hospital's negligence and breach of its duty of care.

**COUNT III**
**(Negligence Against Julie E. Caruth, M.D.)**

34. Plaintiffs repeat and incorporate by reference the allegations contained in each and every other paragraph of this Complaint.

35. The defendant Julie E. Caruth, M.D. was paid for the services provided to the plaintiffs.

36. As a medical doctor, Dr. Caruth owed her patients a duty of care to perform the necessary work with reasonable skill and care.

37. The plaintiffs reasonably relied, at all relevant times on the belief that Dr. Caruth would use appropriate skill and care on their behalf.

38. The services provided by Dr. Caruth were performed incorrectly and in a manner below the applicable standard of care required of Dr. Caruth.

39. As a proximate result of the breach of care by Dr. Caruth, her duty of care to the plaintiffs and the negligent performance of Dr. Caruth' s work, the plaintiffs were harmed by incurring pain and suffering, has been damaged as a result.

40. The plaintiffs are entitled to be compensated for the damages caused by Dr. Caruth' s negligence and breach of her duty of care.

**COUNT IV**
**(Negligence Against Nandita Nadig, M.D.)**

41. Plaintiffs repeat and incorporate by reference the allegations contained in each and every other paragraph of this Complaint.

42. The defendant, Nandita Nadig, M.D. was paid for the services provided to the plaintiffs.

43. As a medical doctor, Dr. Nadig owed her patients a duty of care to perform the necessary work with reasonable skill and care.

44. The plaintiffs reasonably relied, at all relevant times on the belief that Dr. Nadig would use appropriate skill and care on their behalf.

45. The services provided by Dr. Nadig were performed incorrectly and in a manner below the applicable standard of care required of Dr. Nadig.

46. As a proximate result of the breach of care by Dr. Nadig, her duty of care to the plaintiffs and the negligent performance of Dr. Nadig's work, the plaintiffs were harmed by incurring pain and suffering, has been damaged as a result.

47. The plaintiffs are entitled to be compensated for the damages caused by Dr. Nadig's negligence and breach of her duty of care.

**COUNT V**
**(Negligence Against Deborah Wong, M.D.)**

48. Plaintiffs repeat and incorporate by reference the allegations contained in each and every other paragraph of this Complaint.

49. The defendant, Deborah Wong, M.D. was paid for the services provided to the plaintiffs.

50. As a medical doctor, Dr. Wong owed her patients a duty of care to perform the necessary work with reasonable skill and care.

51. The plaintiffs reasonably relied, at all relevant times on the belief that Dr. Wong would use appropriate skill and care on their behalf.

52. The services provided by Dr. Wong were performed incorrectly and in a manner below the applicable standard of care required of Dr. Wong.

53. As a proximate result of the breach of care by Dr. Wong, her duty of care to the plaintiffs and the negligent performance of Dr. Wong's work, the plaintiffs were harmed by incurring pain and suffering, has been damaged as a result.

54. The plaintiffs are entitled to be compensated for the damages caused by Dr. Wong's negligence and breach of her duty of care.

**COUNT VI**
**(Negligence Against John/Jane Doe, M.D./D.O.)**

55. Plaintiffs repeat and incorporate by reference the allegations contained in each and every other paragraph of this Complaint.

56. The defendant, John/Jane Doe, M.D./D.O. was paid for the services provided to the plaintiffs.

57. As a medical doctor, John/Jane Doe, M.D./D.O owed his/her patients a duty of care to perform the necessary work with reasonable skill and care.

58. The plaintiffs reasonably relied, at all relevant times on the belief that John/Jane Doe, M.D./D.O. would use appropriate skill and care on their behalf.

59. The services provided by John/Jane Doe, M.D./D.O. were performed incorrectly and in a manner below the applicable standard of care required of John/Jane Doe, M.D./D.O.

60. As a proximate result of the breach of care by John/Jane Doe, M.D./D.O. his/her duty of care to the plaintiffs and the negligent performance of John/Jane Doe, M.D./D.O.'s work, the plaintiffs were harmed by incurring pain and suffering, has been damaged as a result.

61. The plaintiffs are entitled to be compensated for the damages caused by John/Jane Doe, M.D./D.O.'s negligence and breach of his/her duty of care.

WHEREFORE, the plaintiffs demands as follows:

A. Judgment in their favor on all counts of their Complaint;

B. An award of attorneys' fees and costs; and

C. Such other relief as the Court deems appropriate.

**JURY DEMAND**

The plaintiffs hereby demand a trial by jury on all issues so triable.

JUAN BOTEO, INDIVIDUALLY AND
AS GUARDIAN FOR B[redacted] B[redacted]
and
AURA GONZALEZ, INDIVIDUALLY
AND AS GUARDIAN FOR B[redacted]
B[redacted],
By their attorneys,

Joseph P. Crimmins, BBO # 556582
Posternak Blankstein & Lund LLP
800 Boylston Street
Boston, MA 02199
(617) 973-6100