UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10224-GAO

JUAN BOTEO, and AURA GONZALEZ,
individually and on behalf of B.B.,
Plaintiffs,

v.

UNITED STATES, MT. AUBURN HOSPITAL, DR. NANDITA NADIG, and DR. DEBORAH
WONG,
Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
September 30, 2014

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the
defendants' motion to dismiss for lack of jurisdiction be denied and that the Court stay the
plaintiffs' action pending the United States' receipt of specified information from the plaintiffs
for a period of six months. The United States has filed an objection to the Report and
Recommendation ("R&R") and the plaintiffs have filed a reply to the objection.

I.  **Discussion**

A.  Sufficiency of the Plaintiffs' Claim

In its objection, the United States raises several new arguments. As the plaintiffs observe,
an objection to an R&R is not the proper venue to present new legal arguments. Paterson-Leicht
Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988)
("[Rule 72(b)] does not permit a litigant to present new initiatives to the district judge.").
However, the United States asserts that these arguments deal with subject matter jurisdiction and
are thus not waivable. The plaintiffs deny that these arguments are jurisdictional. Rather, they

contend that the First Circuit and the Supreme Court have proposed new distinctions between jurisdictional and procedural rules, particularly with regards to the Federal Torts Claim Act ("FTCA"). See Gonzalez v. Thaler, 132 S. Ct. 641, 650-51 (2012); Sanchez v. United States, 740 F.3d 47, 54 (1st Cir. 2014). However, neither court has expressly found that elements of the FTCA previously deemed jurisdictional are in fact procedural. Regardless, to the extent that the government's new arguments are jurisdictional, they are unavailing.

First, the United States contends that the plaintiffs failed to meet their burden of establishing subject matter jurisdiction because their complaint does not allege that an administrative claim against the United States was timely presented to a federal agency under 28 U.S.C. § 2675(a).[1] The plaintiffs originally filed their claim in state court, where they named individual doctors and health centers as defendants. Only later did the defendants remove the case to federal court and substitute the United States as the proper party in interest. While the plaintiffs did explain the basis for jurisdiction in their opposition to the United States' motion to dismiss, the United States asserts that this information must have been set forth in the complaint.

Generally, a plaintiff need not allege subject matter jurisdiction where the *defendant* has moved for removal. Indeed, the burden of establishing subject matter jurisdiction usually lies with the moving party in such instances. Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009) (interpreting general removal procedures in the context of the Class Action Fairness Act). And while the plaintiffs must show that they satisfied the jurisdictional requirements of the FTCA, the government does not explain why it was insufficient for them to do so in their opposition to the United States' motion to dismiss. Indeed, nothing in 28 U.S.C. §

---

[1] In a footnote, the government argues that the magistrate judge improperly shifted the burden of proving jurisdiction onto the United States. However, the R&R excerpts cited by the government to prove the alleged burden-shifting do not demonstrate that the magistrate judge shifted the burden of proof. Rather, these excerpts simply explain that the government is unable to rebut the plaintiffs' argument that subject matter jurisdiction is proper in this case.

2679, which provides for proper removal procedures where the United States is substituted as a defendant, indicates that the plaintiff must have established subject matter jurisdiction in its complaint when a defendant initiates removal.

The United States also notes that the plaintiffs' demand letter did not specifically name the United States or a federal agency as a party. However, the government provides no support for its contention that § 2675(a) requires an explicit reference to the government entity being sued. The Magistrate Judge found – and this Court agrees – that the plaintiff's demand letter satisfied § 2675(a)'s presentation and sum certain requirements. The test under § 2675(a) is whether the "language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 40 (1st Cir. 2000). As the Magistrate Judge explained, the plaintiffs' claim satisfied this requirement.

In addition, the United States contends that the three claimants improperly aggregated their demand in a single sum certain. The United States cites Lopez-De Robinson v. United States for the proposition that each claimant must individually satisfy the requirements of § 2675(a) to avoid dismissal. However, Lopez-De Robinson is not on point; there, a claimant was omitted from the claim entirely. 1997 WL 259551 at *3 & n.1 (1st Cir. May 13, 1997) ("Plaintiff filed an administrative claim with the Department of Veterans Affairs in which she identified herself but not her late husband's estate as claimant."). By contrast, all three claimants were listed in the plaintiffs' demand letter. Accordingly, the agency was "on notice of who was actually pursuing the claim and the amount of the claim." Id. at *3. The United States' numerous citations are similarly unpersuasive. For example, as the plaintiffs point out, the government cites a case in which the court observes that "it appears permissible for multiple claims to be asserted

3

on a single claim form." Haceesa v. United States, 309 F.3d 722, 734 (10th Cir. 2002). Contrary to the government's position, such phrasing suggests that aggregation of claims is allowed under § 2675(a). Furthermore, as explained herein, the primary inquiry under § 2675(a) is whether the claim provides the agency notice of the damages sought. Dynamic Image Techs., Inc., 221 F.3d at 40. The plaintiffs' letter clearly stated that the plaintiffs collectively sought $10 million in damages. Accordingly, the purpose of § 2675(a) is sufficiently satisfied.

B.    Stay Order

The magistrate judge recommended that the Court stay the case for six months while the parties exchange relevant information. In its opposition, the United States argues that the Court lacks authority to stay the case. However, the Court need not reach this issue. This case was filed in February 2013, and the United States has yet to file an answer. In over a year of litigation, the parties have not even begun discovery. If the magistrate judge's recommendation for a stay takes effect, the case will not proceed until 2015, two years after filing.

While the magistrate judge reasoned that a stay would enable the plaintiffs to respond to the United States' request for more information, discovery would serve this same purpose. To the extent the stay would allow the parties to discuss settlement options, the parties may do so during the discovery process. At this point, the case will not be served by further delays.

**II.    Conclusion**

Having reviewed the relevant pleadings and submissions, as well as the objection to the R&R, I approve and ADOPT the magistrate judge's recommendation as to the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. I DECLINE to adopt the Magistrate Judge's recommendation as to the stay.

Accordingly, the Defendants' Motion (dkt. no. 18) to Dismiss for Lack of Jurisdiction is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole. Jr.
United States District Judge

# United States District Court
# District of Massachusetts

JUAN BOTEO,
      Individually and as
      Guardian for B.B.,
AURA GONZALEZ,
      Individually and as
      Guardian for B.B.,
      Plaintiffs,

      v.

UNITED STATES OF AMERICA,
MOUNT AUBURN HOSPITAL,
NANDITA NADIG, M.D.,
DEBORAH WONG, M.D.,
JOHN/JANE DOE, M.D./D.O.,
      Defendants.

CIVIL ACTION NO. 2013-10224-GAO

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (#18)

COLLINGS, U.S.M.J.

### I. Introduction

On or about November 7, 2012, the plaintiffs, Juan Boteo and Aura

Gonzalez, on behalf of their minor daughter, B.B., filed a medical malpractice complaint in the Middlesex Superior Court in Massachusetts based on the alleged negligent care of B.B. The named parties-defendant were Joseph M. Smith Community Health Center ("Health Center"), Mount Auburn Hospital, Julie E. Caruth, M.D., Nandita Nandig, M.D., Deborah Wong, M.D. and John/Jane Doe, M.D./D.O. The case was subsequently removed to the federal court on February 5, 2013.

On September 27, 2013, the United States Attorney moved to substitute the United States of America as a proper party defendant for Dr. Caruth and the Health Center pursuant to 28 U.S.C. § 2679(d).[1] (#16) The motion was granted on April 2, 2014. (#28) As a result, the claims alleged against Dr. Caruth and the Health Center, now the United States as the proper party defendant, must be addressed under the Federal Tort Claims Act ("FTCA").

In lieu of answering the complaint, the United States has filed a motion to dismiss for lack of subject-matter jurisdiction (#18) together with a

---

[1]

The Health Center is a program grantee under 42 U.S.C. § 254b and Dr. Caruth is considered a public health service employee under 42 U.S.C. § 233. Title 28 U.S.C. § 2679(c) provides, in part, that "[t]he Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury." Thus, the United States of America is the proper defendant, and any claim for negligence falls within the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*

memorandum in support. (#19) The plaintiffs, in turn, have filed an opposition to the motion to dismiss with an attached exhibit. (#20) With leave having been given (##23, 24), the United States then filed a reply memorandum. (#25) A hearing was held on the dispositive motion on June 23, 2014. At this juncture, the motion to dismiss stands ready for decision.

## II. The Facts

According to the allegations in the complaint, B.B. was born in December 2008 and visited the Health Center, as a patient, for the first time on New Year's Eve 2008. (#1 ¶ 11) Thereafter, B.B. was primarily under the care of Dr. Caruth, a physician employed by the Health Center, for routine visits and to address any medical issues that arose. (#1 ¶ 11) The frequency of B.B.'s visits to the Health Center began to increase starting in early 2010. (#1 ¶ 12) B.B. was seen at the Health Center with complaints of nausea, vomiting, abdominal pain, poor appetite and weight loss. (#1 ¶ 12) Both the severity of her symptoms and frequency of visits continued to increase through mid-May 2010. (#1 ¶ 12) At no time up to this point was B.B. ever tested for tuberculosis. (#1 ¶ 12) This cycle of repeated visits continued through May with Dr. Caruth diagnosing B.B. as having a viral illness. (#1 ¶ 14)

On May 21, 2010, B.B.'s parents took her to the emergency room at Mount Auburn Hospital. (#1 ¶ 15) They were eventually sent home without any diagnostic testing having been undertaken, and were told to follow up with their primary care physician. (#1 ¶ 16) Later that night, B.B. was brought to Newton-Wellesley Hospital after suffering a number of seizures; she was then med-flighted to Massachusetts General Hospital where a diagnosis of tuberculosis was confirmed and appropriate treatment was initiated. (#1 ¶¶ 17-18) As a result of her injuries, B.B. will be confined to a wheelchair, will never develop mentally or physically, and has minimal, if any, cognitive abilities. (#1 ¶ 19)

On March 19, 2012, plaintiffs' counsel sent a demand letter (#20, Exh. A) to all named defendants including Dr. Caruth and the Health Center. The letter, entitled "Settlement Communication Offer-in-Compromise," set out the alleged facts of the claim, the supposed strength of the claim, and the amount the plaintiffs were willing to accept in settlement. (#20, Exh. A) The Health Center forwarded the letter to the Department of Health and Human Services ("HHS").[2]

---

[2] The Department of Human Health Services is the federal agency authorized to handle FTCA claims on behalf of the Health Center and its employees.

By letter dated March 27, 2012, HHS allegedly responded to the settlement letter acknowledging receipt of the plaintiffs' claim and requesting supplemental documentation from the plaintiffs regarding their claim. (#19, Exh. A) Specifically, HHS asked to be provided with: (1) medical records; (2) itemized bills; (3) a report by B.B.'s attending physician detailing the nature and extent of her injuries, as well as treatment; (4) evidence of the plaintiffs' authority to file on B.B.'s behalf; and (5) any other evidence which may have bearing on the responsibility of the United States. (#19, Exh. A) HHS noted that a failure to respond to the request could be deemed an abandonment of the claim and a finding that a claimant's administrative remedies had not been exhausted. (#19, Exh. A)

Plaintiffs' counsel denies having received HHS's request for supplemental information, and no proof of service as, for example, a return receipt, has been submitted. There is no other documented communication between the parties prior to the commencement of this suit. The plaintiffs instituted this action in the state court on November 15, 2012, after the requisite six-month period had

elapsed.[3]

## III. The Applicable Law

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., a defendant may move to dismiss an action based on lack of federal subject-matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "[t]he existence of subject-matter jurisdiction 'is never presumed.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005)(quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.), *cert. denied*, 515 U.S. 1144 (1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.), *cert. denied*, 510 U.S. 823 (1993)); *Johansen v. U.S.*, 506 F.3d 65, 68 (1st Cir. 2007). Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Johansen*, 506 F.3d at 68.

In ruling on a motion to dismiss for lack of jurisdiction, it is incumbent

---

[3]

"The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Title 28 U.S.C. § 2675(a).

6

upon the court to "'credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.'" *Sanchez ex rel. D.R.-S. v. U.S.,* 671 F.3d 86, 92 (1st Cir. 2012)(quoting *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010)), *cert. denied,* 133 S.Ct. 1631 (2013). The First Circuit has detailed the principles at play in the well-pled complaint rule:

> In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusion[s] couched as ... fact or [t]hreadbare recitals of the elements of a cause of action. A plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible. If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility. The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.
>
> Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense, the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable. Nor may a court attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if ... a recovery is very remote and unlikely. The relevant inquiry focuses on the reasonableness of the inference of liability that

the plaintiff is asking the court to draw from the facts
alleged in the complaint.

*Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12-13 (1st Cir. 2011)(internal
citations, parentheticals and quotation marks omitted).

Further, the "court may also 'consider whatever evidence has been submitted,
such as the depositions and exhibits submitted.'" *Merlonghi v. United States*,
620 F.3d 50, 54 (1st Cir. 2010)(quoting *Aversa v. United States*, 99 F.3d 1200,
1210 (1st Cir. 1996)); *Carroll v. U.S.*, 661 F.3d 87, 94 (1st Cir. 2011)("In
evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter
jurisdiction, we construe plaintiffs' complaint liberally and ordinarily may
consider whatever evidence has been submitted, such as . . . depositions and
exhibits." (internal citation and quotation marks omitted)). That being said, a
plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported
conclusions or interpretations of law.'" *Murphy*, 45 F.3d at 522 (quoting
*Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962,
971 (1st Cir. 1993); *Johansen*, 506 F.3d at 68.

## *IV. Discussion*

The United States ( or "the defendant") has advanced two arguments to
support the contention that the court lacks subject-matter jurisdiction over the

plaintiffs' FTCA claims. First, in the defendant's view, the plaintiffs have not

satisfied the jurisdictional requirements of 28 U.S.C. § 2675(a) because they

failed properly to present a claim with a "sum certain"[4] to the appropriate

federal agency, HHS. Second, the plaintiffs' failure to respond to HHS's request

for supplemental information purportedly prevents them from filing this action

against the United States because they have failed to exhaust their

administrative remedies.[5] Each of these arguments shall be considered in turn.

*A. Failure properly to present a claim*
*with "sum certain" to the appropriate federal agency*

Title 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim
> against the United States for money damages for injury
> or loss of property or personal injury or death caused
> by the negligent or wrongful act or omission of any
> employee of the Government while acting within the
> scope of his office or employment, unless the claimant
> shall have first presented the claim to the appropriate
> Federal agency and his claim shall have been finally
> denied by the agency in writing and sent by certified or

---

[4]

The relevant regulation, 28 C.F.R. 14.2(a), requires that a "Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury . . . alleged to have occurred by reason of the incident" be presented to the appropriate federal agency.

[5]

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

registered mail.

The United States argues that the plaintiffs failed to notify HHS *directly* with a claim for a sum certain, and therefore failed to comply with the FTCA's requirement that an administrative claim be made in writing to the appropriate federal agency.

### 1. Appropriate federal agency notification

The defendant contends that the plaintiffs faxed their demand letter to the Health Center, but never sent it to HHS.[6] However, the Health Center forwarded a copy of the claim to HHS, and that federal agency, in turn, acknowledges having sent a letter to the plaintiffs confirming receipt of their claim and requesting supplemental information. (#19, Exh. A)

"The purpose behind the administrative claim requirement is to give the government an initial opportunity to carefully investigate the specifics of each individual claim against it and settle those claims which are meritorious." *Cogburn v. United States*, 717 F. Supp. 958, 963 (D. Mass. 1989). As the First

---

[6] The plaintiffs concede for present purposes that the Health Center is not a federal agency.

10

Circuit has explained,

> [t]his process is intended to provide sufficient notice to the United States so that it can investigate the alleged incident of negligence. *See López v. United States*, 758 F.2d 806, 809–10 (1st Cir. 1985). An agency must receive 'enough information' in the claim filed in order to begin the investigation. *Santiago–Ramírez v. Sec'y of Dep't of Defense*, 984 F.2d 16, 19 (1st Cir. 1993).

*Ramirez-Carlo v. U.S.*, 496 F.3d 41, 46-7 (1st Cir. 2007).[7]

---

In pertinent part, Standard Form 95 requests the following information from a claimant: the name and address of the claimant and the claimant's representative, if any; the claimant's type of employment; marital status; the date, day and time of the accident; the nature and extent of each injury which forms the basis of the claim; witnesses; the amount of the claim; insurance coverage and whether a claim was filed with the insurance carrier. In the settlement communication offer-in-compromise letter (#20, Exh. A) sent by plaintiffs' counsel, B.B., her parents and the law firm representing them are identified; the specific attorney representing the plaintiffs and his contact information are noted; B.B.'s medical treatment by the Health Center and Dr. Caruth is detailed; additional medical treatment facilities and the care B.B. received in each are identified; the nature and extent of B.B.'s injuries and the alleged cause of her injuries are explained; and the amount of the claim is stated.

The First Circuit has indicated that

> the test to satisfy this requirement [of sufficient notice] 'is an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement.'

*Ramirez-Carlo*, 496 F.3d at 46-7 (quoting *Dynamic Image Tech., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000)).

In this instance, virtually all of the information sought by Standard Form 95 is set forth in the settlement letter thereby providing HHS with "enough information" to commence an investigation.

The theory of "constructive filing"[8] may be applied to the notice requirement when a claimant has filed an administrative claim with the wrong federal agency. Constructive filing is usually applied in situations where a plaintiff would otherwise be barred by the statute of limitations.[9] *See, e.g., Ortiz ex rel. Ortiz v. U.S.*, 2007 WL 404899, at *11 (E. Dist. Cal., Feb. 2, 2007). Although the statute of limitations is not at issue here, constructive filing illustrates that the notion of transferring of a claim is not unrecognized. If the federal agency that receives a claim is not the appropriate agency to process the claim, the agency is required to transfer the claim to the proper federal agency if it is able to identify the appropriate agency based on the claim. *See* 28 C.F.R.

---

[8]

The relevant regulation provides:

> A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

28 C.F.R. § 14.2(b)(1).

[9]

Title 28 U.S.C. § 2401(b) sets forth the applicable statute of limitations: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

§ 14.2(b).

Here, the Health Center received the claim and, despite the fact it was not required by regulation to forward the claim[10], the Health Center identified the appropriate federal agency, HHS, and forwarded the claim voluntarily. The United States does not contend the appropriate agency did not, in fact, receive the claim. HHS was able to identify the existence of a claim, acknowledged receipt of the claim to the plaintiffs and determined what supplemental information was necessary to investigate fully the negligence alleged.[11] (#19, Exh. A)

The United States relies on three cases in support of its argument that constructive notice of a potential claim is insufficient since the statute mandates

---

[10]

As the text of the regulation indicates, 28 C.F.R. § 14.2(b) only applies to *federal* agencies.

[11]

The additional authority cited by the United States at oral argument, *MMC PPA v. Bridgeport Hospital*, 2013 WL 5274504 (D. Conn., Sept. 18, 2013), is distinguishable. In the *Bridgeport Hospital* case, two SF-95 forms were originally served on the community health center where the negligence allegedly occurred. *Bridgeport Hospital*, 2013 WL 5274504, at *1. Unlike the instant case, the community health center did not forward the claim forms to the appropriate federal agency, HHS; plaintiffs' counsel submitted copies of the SF-95 claim forms to HHS, but not until after the statute of limitations had run. *Id.* The Court determined that since the community health center was not a federal agency, it was under no obligation to forward the SF-95s to HHS and, "most importantly, any obligation on the health center to notify the federal agency does not obviate the claimant's obligation to do so under the FTCA.." *Id.* at *6. From a practical standpoint, there simply is no dispute that HHS was timely notified in this case.

that the plaintiffs serve HHS and they have failed to do so. (#25 at 2-3) A review of those cases, however, does not support the conclusion that lack of direct notification is an absolute bar. For example, in *Burns v. U.S.*, 764 F.2d 722 (9th Cir. 1985), the plaintiff's action was dismissed on summary judgment because the plaintiff failed to meet the sum certain requirement of the statute: "While it might convincingly be asserted that this letter did not afford the V.A. sufficient notice of an imminent lawsuit to enable them to initiate their own investigation, we need not consider this contention because it is clear that *nowhere* in the letter is contained the requisite sum certain claim." *Burns*, 764 F.2d at 724 (emphasis in original). In *Decker v. United States*, 603 F. Supp. 40, 43 (S.D. Ohio 1984), no Standard Form 95 was filed by the plaintiff with the appropriate federal agency and "the record [was] also devoid of evidence that any other written claim was thereafter filed with the Army." *Id.* at 43. The Court concluded that "oral conversations do not rise to the level of 'written notification of an incident.'" *Id.*

Lastly, the United States cites the case of *Mosseri v. F.D.I.C.*, 924 F. Supp. 605, 607-08 (S.D.N.Y. 1996) for the proposition that letters to a Congresswoman and Senator fail to satisfy the exhaustion requirement. (#25

at 2-3)  To the extent that the District Court dismissed the plaintiff's FTCA claims against GSA and the FDIC, however, that judgment was vacated by the Second Circuit on appeal. *See Mosseri v. F.D.I.C.*, 104 F.3d 356 (2nd Cir. 1996) (Table), 1996 WL 734046 (Dec. 23, 1996) (Text).  On remand, the District Court wrote as follows:

> The Second Circuit vacated Judge Baer's order with respect to the dismissal of the FTCA claims against the FDIC and the FTCA claims against the GSA and the Government, and remanded the case for further proceedings to determine whether valid causes of action remain in this case.  With respect to the FTCA claims based on tortious conduct of GSA employees, the panel found that Judge Baer failed to consider whether Mosseri's FTCA Claim, filed with the FDIC, together with his letter to Congresswoman Molinari, constituted a 'constructive' filing with the GSA.
>
> *****
>
> The correspondence with Congresswoman Molinari does not, standing alone, constitute a filing with the GSA because it does not, as Judge Baer noted, contain a demand for an amount certain. *See* 28 U.S.C. § 2765(b).  Mosseri's FDIC Claim does demand an amount certain.  And, as the Second Circuit noted, administrative claims filed with the wrong agency may nevertheless be considered constructively filed with the appropriate agency in certain circumstances.  The Second Circuit therefore directed that the Court, on remand, consider whether Mosseri's letters to his representative in Congress, together with his FDIC claim, constituted a constructive filing with the GSA.

*Mosseri v. F.D.I.C.*, 1999 WL 694289, at *4, 9 (S.D.N.Y., Sept. 8, 1999)(internal citation, quotation marks and footnote omitted), *opinion amended by* 1999 WL 1018058 (S.D.N.Y.,Nov. 9, 1999).

Although the district court ultimately determined that, based on the record before it, the documents did "not constitute a constructive filing with the GSA," *id.* at 9, the court did not conclude that constructive notice of a potential claim is *de facto* inadequate to meet the statutory notice requirement.

The United States has cited no case concluding that constructive filing of a claim with a federal agency is impermissible. In the circumstances of this case where HHS acknowledged having received the plaintiffs' demand letter and sought further information in order to undertake its investigation into the claim, the notification requirement of § 2675 has been satisfied.

## 2. Statement of claim with "sum certain"

The parties agree on the relevant law: a valid administrative claim must state the claimant's damages in "sum certain." *Corte-Real v. United States*, 949 F.2d 484, 485 (1st Cir. 1991).

> The purpose of the sum certain requirement goes beyond mere administrative convenience; it is to apprise the government of its possible liability and to provide the government with notice 'sufficient to allow it to investigate the alleged negligent episode to determine

if settlement would be in the best interests of all.'

*Coska v. United States*, 114 F.3d 319, 322 (1st Cir. 1997)(citing *Corte-Real*, 949 F.2d at 486); *see also Lopez*, 758 F.2d at 809.

In the demand letter (#20, Exh. A) plaintiffs' counsel wrote: "My clients will accept $10 million in settlement in this case." The defendant argues that because the demand letter was addressed to all named parties, it failed to specify the portion of damages sought from the United States. (#19 at 6-7) Such an argument is unavailing given that all of the named parties stand jointly and severally liable for the full amount.[12]

The cases upon which the defendant relies are inapposite. For instance, in *Caidin v. United States*, 564 F.2d 284 (9th Cir. 1977), the plaintiff, a member of a class action suit, failed to meet the "sum certain" requirement with a demand of $100 million, the alleged damages for the entire class, because that figure gave "no indication of the specific damages claimed by" Caidin. *Id.* at 287. In *Coska* the plaintiff's appeal was dismissed because her claim "packet contained no information about the liability of the United States nor did it state

---

[12] "The joint and several liability doctrine, which applies when more than one defendant tortiously contributed to the plaintiff's injury, allows a nonnegligent plaintiff to recover the full amount of the damages arising from the tortiously caused injury from any one or any combination of the defendants who tortiously contributed to the injury." *Comparative Negligence Manual (Third)* § 1:24 (2014).

the amount of damages it would seek from the United States. Indeed, by its own terms, the packet asserted a claim that [a third party] was solely liable." *Coska*, 114 F.3d at 322. In *Kokaras v. U.S.*, 980 F.2d 20 (1st Cir. 1992), *cert. denied*, 510 U.S. 819 (1993), the plaintiffs never provided an exact amount of alleged damages and the federal agency was unable to determine an appropriate amount based on the information in the provided. *Id.* at 22.

In this case the plaintiffs clearly stated a sum certain in their demand letter. *See*, e.g., *Corte-Real*, 949 F.2d at 486. With the plaintiffs having met the jurisdictional requirements of 28 U.S.C. § 2675(a), the defendant's motion to dismiss should be denied.

### B. Failure to respond to HHS's request for supplemental information

The United States argues that under *Swift v. United States*, 614 F.2d 812 (1st Cir. 1980), the plaintiffs' failure to respond to HHS's request for supplemental information warrants dismissal of this claim as premature. As previously noted, the plaintiffs deny receiving any request for supplemental information from HHS. At the motion hearing the Court proposed staying the action with respect to the United States in order to allow the plaintiffs to provide the requested information and, thereafter, for the parties to explore the

possibility of settlement. Not only is this a pragmatic approach to the situation, it implements the legislative intent behind § 2675 to allow the government to explore the possibility of a settlement and to avoid unnecessary congestion in the court system. The parties agreed to this proposal.[13]

### V. Conclusion

For all of the reasons stated, I RECOMMEND that the Motion To Dismiss For Lack Of Subject-Matter Jurisdiction (#18) be DENIED as drafted. I FURTHER RECOMMEND that the plaintiffs' action against the United States be STAYED pending the defendant's investigation and disposition of the plaintiffs' negligence claims pursuant to 29 U.S.C. § 2675(a).

Plaintiffs' counsel avers that the defendant, as a result of discovery in this litigation, now has all of the information which it requested in its letter of March 27, 2012. Accordingly, I FURTHER RECOMMEND that the following procedures be ordered. First, that the defendant be required to verify that it now has all of the information which the agency requested, and if it is claims that information is missing, that it request whatever is missing from plaintiffs' counsel. Second,

---

13

The United States agreed to the proposal if the Court determined that the notice requirements of § 2675 had, in fact, been met. The plaintiffs agreed so long as no statute of limitations issue would arise; the Assistant United States Attorney represented on the record that there were, and would be, no statute of limitations issues.

once that process is completed, defendant's counsel be required to file a report confirming that the agency has all the information which was requested in the March 27, 2012 letter. Third, that the agency be required to notify the Court and plaintiffs' counsel of its action on the claim. If no notification is received within six months, the stay should be lifted, and the litigation should resume.

## VI. Review by the District Judge

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.

1980); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

July 3, 2014.